1  ARNOLDO CASILLAS, ESQ., SBN 158519
   LEONEL MOJICA, ESQ., SBN 273732
2  CASILLAS & ASSOCIATES
     3777 Long Beach Blvd., Third Floor
3    Long Beach, CA 90807
     Telephone Number: (562) 203-3030
4    Facsimile: (323) 725-0350
     Email: Acasillas@casillaslegal.com
5    Email: Lmojica@casillaslegal.com
   *Attorneys for Plaintiffs*
6

7  STEVEN J. ROTHANS, ESQ.
   CARPENTER, ROTHANS & DUMONT LLP
8    500 S. Grand Avenue, Suite 1900
     Los Angeles, CA 90071
9    Ph: (213) 228-0400
     Email: srothans@crdlaw.com
10 *Attorneys for Defendants*

11

   ROB BONTA
12 Attorney General of California
   NANCY G. JAMES
13 Supervising Deputy Attorney General
   LORINDA D. FRANCO
14 Deputy Attorney General
   State Bar No. 213856
15   300 South Spring Street, Suite 1702
     Los Angeles, CA 90013-1230
16   Telephone: (213) 269-6459
     Fax: (916) 731-2119
17   E-mail: Lorinda.Franco@doj.ca.gov
   *Attorneys for Custodian of Records*
18 *of the California Department of Justice*

19              IN THE UNITED STATES DISTRICT COURT

20            FOR THE CENTRAL DISTRICT OF CALIFORNIA

21                         WESTERN DIVISION

22

23 | | |
   |---|---|
24 | **ESTATE OF JUAN LUIS OLVERA PRECIADO, BY AND THROUGH SUCCESSOR IN INTEREST SILVIA MOYA OLVERA, ET AL.,** | 8:22-CV-00998-FMO (ASx) |
25 | | **PROTECTIVE ORDER RE PRODUCTION PURSUANT TO SUBPOENA ISSUED TO THE CALIFORNIA DEPARTMENT OF JUSTICE IN CIVIL ACTION** |
26 | Plaintiff, | |
27 | v. | |
28 | | |

                                   1

|  |  |
|---|---|
| **CITY OF GUADALUPE ET AL.,**<br><br>                                    Defendants. | Courtroom:    6D<br>Assigned to:   Judge Fernando M. Olguin<br>Referred to:   Magistrate Judge Alka Sagar<br>Trial Date:    TBD<br>Action Filed: 02/14/2022 |

TO THE HONORABLE ALKA SAGAR, UNITED STATES MAGISTRATE JUDGE:

1. WHEREAS Plaintiffs the Estate of Juan Luis Olvera Preciado et al. ("Plaintiffs") have issued a civil subpoena in the above entitled action on January 25, 2023 commanding the production of documents in the possession of the California Department of Justice pertaining to investigation of the August 21, 2021 officer-involved shooting and death of Mr. Juan Luis Olvera-Preciado ("Mr. Olvera Preciado") ("Subpoena");

2. WHEREAS Plaintiffs claim that the requested documents are relevant and material to the issues in the civil action filed on February 14, 2022 for use of excessive force and violation of substantive due process in violation of 42 U.S.C. section 1983, municipal liability for unconstitutional customs and practices in violation of 42 U.S.C., section 1983, interference with familial integrity in violation of 42 U.S.C. section 1983, assault and battery, wrongful death, violation of civil rights in violation of California Civil Code section 52.1, and negligent infliction of emotional distress against Defendants the City of Guadalupe, the City of Guadalupe Police Department, and Miguel Jaimes;

3. WHEREAS Plaintiffs seek to demonstrate that: the death of Mr. Olvera Preciado was avoidable; the use of deadly force on August 21, 2021 by Defendant Jaimes was senseless, careless and unjustified and shocks the conscience; and that the use of deadly force was unwarranted and a result of the lack of training by Defendant the City of Guadalupe and Defendant the City of Guadalupe Police Department;

4.	WHEREAS Plaintiffs, through its counsel, Arnoldo Casillas, and Defendants, through its counsel, Steven J. Rothans, have agreed that compliance with the Subpoena may be made by production of documents in the possession of the California Department of Justice that may be responsive to only requests numbers one through eight of the Subpoena within 20 days of the court signing the Stipulated Attorneys Eyes Only Protective Order and that the documents produced are deemed Confidential Information, that the documents may contain redactions of personal identifying information, including but not limited to dates of birth, medical information, financial information, social security numbers, driver's license information, race, gender, passport information, religion, other confidential third-party information, and other personally identifiable information;

5.	WHEREAS Plaintiffs, Defendants and the California Department of Justice agree that prior to the disclosure of the Confidential Information, which may include personal information subject to the California Information Practices Act (Civil Code section 1798 et seq.), the California Department of Justice will reasonably attempt to notify the individuals, to whom the personal information pertains, of the intended disclosure pursuant to section 1798.24, subdivision (k);

6.	WHEREAS Plaintiffs, Defendants and the California Department of Justice agree that access to and disclosure of Confidential Information shall be permitted only to Plaintiffs' attorneys of record and Defendants' attorneys of record in the above-entitled proceeding, and their affiliated attorneys, paralegals, clerical, and secretarial staff employed by such attorneys who are actively involved in the above-entitled proceeding, and who are not parties or employees of any party, for the sole purpose of reviewing the Confidential Information, and provided that each non-attorney given access to the Confidential Information shall be advised that such information is being disclosed pursuant to, and are subject to, the terms of this Stipulation for Issuance of an Attorneys' Eyes Only Protective Order ("Stipulation") and Attorneys' Eyes Only Protective Order, and that the

Confidential Information may not be disclosed other than pursuant to their terms;

7. WHEREAS any expert retained or employed by Plaintiffs' attorneys of record or Defendants' attorneys of record in the above-proceeding, and who is not a party or an employee of any party, and who Plaintiffs' attorneys of record or Defendants' attorneys of record deem necessary to aid in the prosecution or defense of the above-entitled proceeding, and provided that prior to the disclosure of the Confidential Information to any such expert, Plaintiffs' attorneys of record or Defendants' attorneys of record making the disclosure shall deliver a copy of this Stipulation and Attorneys' Eyes Only Protective Order to the expert, shall explain that such expert is bound to the terms of this Stipulation and Attorneys' Eyes Only Protective Order, and shall secure the signature of the expert on a statement in the form attached as Exhibit A to this Stipulation and Attorneys' Eyes Only Protective Order, and retain a copy the completed and signed form attached as Exhibit A until the conclusion of the above-entitled proceeding and all subsequent proceedings arising from the above-entitled proceeding;

**NOW, THEREFORE, PLAINTIFFS, DEFENDANTS, AND THE CALIFORNIA DEPARTMENT OF JUSTICE STIPULATE AS FOLLOWS:**

8. The disclosure of Confidential Information shall be immediately secured by encryption with password(s) known only to Plaintiffs' attorneys of record and Defendants' attorneys of record in the above-entitled proceeding, and their affiliated attorneys, paralegals, clerical, and secretarial staff employed by such attorneys who are actively involved in the above-entitled proceeding, and who are not parties or employees of any party. The password(s) to the encrypted files must be kept by Plaintiffs' attorneys of record and Defendants' attorneys of record in the above-entitled proceeding, and their affiliated attorneys, paralegals, clerical, and secretarial staff employed by such attorneys who are actively involved in the above-entitled proceeding, and are not employees of any party, in a secure location not accessible by others and apart from the encrypted files;

9. Prior to the use or disclosure of the Confidential Information beyond the review by Plaintiffs' attorneys of record and Defendants' attorneys of record in the above-entitled proceeding, and their affiliated attorneys, paralegals, clerical, and secretarial staff employed by such attorneys who are actively involved in the above-entitled proceeding, and who are not parties or employees of any party, Plaintiffs' attorney of record and Defendants' attorney of record shall meet and confer with the California Department of Justice regarding the procedures for use or disclosure of the Confidential Information in any court hearing or trial, or for any purpose other than conducting discovery in the above-entitled proceeding, that would result in the public disclosure or making as part of the public record an individual's personally identifying information, including but not limited to a witness' home address and telephone number, and enter into a protective order that governs further use or disclosure of the Confidential Information;

10. Plaintiffs, Defendants, and the California Department of Justice, and their respective attorneys of record agree that the documents produced pursuant to this Stipulation and Attorneys' Eyes Only Protective Order in response to the Subpoena, and the California Department of Justice's agreement to enter in this Stipulation does not act as a waiver by the California Department of Justice of any of the following:

- its right to assert any applicable privileges, including but not limited to the attorney-client privilege, the attorney work product doctrine, or official information privilege, at any time during the above-entitled act or in any other action seeking the disclosure of the same documents produced in the above-entitled action pursuant to Subpoena;
- its right to assert any of its rights and privileges under the California Public Records Act (Government Code sections 7922.000 et seq.) or the California Information Practices Act (Civil Code sections 1798 et seq.);

5

- an individual's right to object to the disclosure of Confidential Information that includes that individual's personally identifying information or personal information based on that individual's right to privacy or the California Information Practices Act;
- its right to exclude from production any preliminary drafts, notes, inter-agency or intra-agency memoranda, that are not retained by the California Department of Justice in the regular course of its business; and
- its right to take any further action to control or prevent the public disclosure of the Confidential Information, including but not limited to personally identifiable information, produced pursuant to this Stipulation and Attorneys' Eyes Only Protective Order in response to requests one through eight of the Subpoena.

11. Within thirty (30) days after settlement or other termination of the above-entitled proceeding, Plaintiffs and/or Defendants, through their attorneys of record, shall have thirty (30) days to meet, confer and agree with the California Department of Justice upon appropriate methods and certification of destruction or other disposition of such Confidential Information, or file a motion seeking a court order regarding proper preservation of the Confidential Information;

12. This Stipulation shall continue to be binding after the conclusion of the above-entitled proceeding and all subsequent proceedings arising from the above-entitled proceeding, except that either Plaintiffs or Defendants may seek the written permission of the California Department of Justice or may move the court for relief from the provisions of this Stipulation. To the extent permitted by law, the court shall retain jurisdiction to enforce, modify, or reconsider the terms of this stipulation even after the above-entitled proceeding is terminated.

13. After this Stipulation has been signed by the respective attorneys of record for Plaintiffs, Defendants, and the California Department of Justice, it shall

be presented to the Court for approval and entry.

14. This Stipulation may be executed in counterparts.

**IT IS SO STIPULATED.**
Signatures on next page.

ARNOLDO CASILLAS, ESQ.
CASILLAS & ASSOCIATES

Dated: March 10, 2023

Arnoldo Casillas
*Attorneys for Plaintiffs*

STEVEN J. ROTHANS, ESQ.
CARPENTER, ROTHANS & DUMONT LLP

/s/ Steven Rothans

Dated: March 10, 2023

Steven Rothans
*Attorneys for Defendants*

ROB BONTA
Attorney General of California
NANCY G. JAMES
Supervising Deputy Attorney General

Lorinda D. Franco
Digitally signed by Lorinda D. Franco
Date: 2023.03.08 07:06:11 -08'00'

Dated: March ___, 2023

LORINDA D. FRANCO
Deputy Attorney General
*Attorneys for the California Department of Justice*

**ATTORNEYS' EYES ONLY PROTECTIVE ORDER**

**GOOD CAUSE APPEARING**, the Court hereby approved this Stipulation and Attorneys' Eyes Only Protective Order.

**IT IS SO ORDERED.**

Dated: March 13, 2023

/ s / Sagar
HONORABLE ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

7

# EXHIBIT A

I, _____ have been retained or employed as an expert by Plaintiffs' attorney of record, Arnoldo Casillas, or Defendants' attorney of record, Steven J. Rothans, in the civil action entitled Estate of Juan Luis Preciado et al. the City of Guadalupe et al., Case No. 8:22-CV-00998-FMO-AS ("Civil Action"). I am neither a party, nor an employee of any party to the Civil Action. My services are deemed necessary to aid in the prosecution or defense of the Civil Action. I agree that prior to being provided any Confidential Information subject to the Stipulation and Attorneys' Eyes Only Protective Order, Plaintiffs' attorneys of record, Arnoldo Casillas, or Defendants' attorneys of record, Steven J. Rothans, explained to me that I am bound by the terms of the Stipulation and Attorneys' Eyes Only Protective Order. I also agree that I have received a copy of the Stipulation and the Attorneys' Eyes Only Protective Order, and have read and agree to the terms contained therein as confirmed by my signature below.

Dated: _____        By: _____